IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN L. MCNAMARA,

Plaintiff,

vs.

UNIVERSAL COMMERCIAL SERVICES, INC., and Arizona Corporation, and SABINE SHARP, an individual,

Defendants.

Civ. No. 07-60789

OPINION and ORDER

Coffin, Magistrate Judge:

Plaintiff brought this infringement action against defendants after copyrighted material that he authored was posted on GlendaleDesigns.com, a website controlled by defendant Universal Commercial Services, Inc. Defendants assert that they did not infringe plaintiff's copyright and they raise the affirmative defenses of fair use, estoppel, and misuse.

Plaintiff now moves for summary judgment on defendants' liability for infringement and against the affirmative defense of misuse. Because plaintiff concedes that (1) genuine issues of material fact exist concerning whether the affirmative defenses of estoppel and fair use apply, and (2) such defenses implicate the question of liability for infringement, summary judgment on the issue of infringement liability is denied.

Summary judgment is granted in plaintiff's favor against the affirmative defense of misuse. The affirmative defense of

misuse "forbids a copyright holder from secur[ing] an exclusive right or limited monopoly not granted by the Copyright Office." A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir. 2001) 9internal quotation marks omitted). Typically, "the affirmative defense of copyright misuse involve[s] unduly restrictive licensing schemes" but may also involve "a unilateral refusal to license a copyright." Id. at 1027, n.8.

In this case, defendants assert that plaintiff sought to control areas outside the monopoly granted via the copyright when plaintiff's attorney sent a letter to defendants that essentially demanded a civil settlement of $300,000; if defendants declined, plaintiff promised to "pursue criminal charges" under 15 U.S.C. § 506. In defendants' view, when plaintiff's attorney sent the letter, plaintiff attempted to control an area outside the monopoly granted by the Copyright Office, viz., defendants' financial situation, which would be adversely affected by compliance with the $300,000 demand.

My review of the common law in this circuit concerning the defense of misuse has not revealed any opinion that conceives of the defense so broadly. Rather, misuse is understood to apply when a copyright holder uses the copyright to control the commerce of goods and services that are typically related to the area governed by the copyright. Here, the demand letter uses the potential for a civil action and criminal prosecution to attempt to obtain a civil satisfaction. It does not demonstrate a genuine issue of material fact concerning whether plaintiff attempted to control the use of information outside

the scope of plaintiff's copyright.[1] Plaintiff's motion for summary judgment on the affirmative defense of misuse is granted.

Conclusion

Plaintiff's motion for summary judgment (#25) is granted in part and denied in part.

IT IS SO ORDERED.

Dated this 20th day of March, 2008.

THOMAS M. COFFIN
United States Magistrate Judge

[1]The letter in question is, however, relevant to the affirmative defense of estoppel.