FILED '08 OCT 27 13:36 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN L. MCNAMARA,

           Plaintiff ,

    vs.

UNIVERSAL COMMERCIAL SERVICES,
INC., an Arizona Corporation,
and SABINE SHARP, an individual,


        Defendants.

Civ. No. 07-6079-TC

OPINION AND ORDER

Coffin, Magistrate Judge:

    Plaintiff moves for a judgment awarding $27,784.95 in attorney fees and $1,782.35 in costs (#57). For the reasons that follow, plaintiff's motion is denied.

### Background

    Plaintiff brought a copyright infringement action against defendants after copyrighted material that he authored was posted on GlendaleDesigns.com, a website controlled by defendant Universal Commercial Services, Inc. Judgment was entered on September 17, 2008, for plaintiff; the court awarded $1,000 in

1 Opinion and Order

statutory damages.

The court declined to exercise its discretion to increase damages for willful infringement for two key reasons: the subject article was not itself a product that plaintiff sold separately to his clients or customers and defendants did not sell a competing product, and a demand letter sent to the defendants by plaintiff shortly after he had discovered the infringing material on their website was highly inappropriate in threatening to refer the matter for criminal prosecution unless a demand for $300,000 was satisfied.

## Discussion

In copyright cases, fees are awarded to prevailing parties as a matter of the court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). The court is guided by four main factors in exercising that discretion: (1) the degree of success obtained by the plaintiff; (2) the motivation of the defendant in infringing and litigating the matter; (3) the reasonableness of the defendant's position; and (4) whether a fee award would serve the purposes of compensation and deterrence. See Wall Data, Inc. v. L.A. County Sheriff's Dept., 447 F.3d 769, 787 (9th Cir. 2006) (stating that a district court may consider, but is not limited to, certain factors in making an attorneys' fees determination pursuant to § 505 of the Copyright Act: the degree of success obtained, frivolousness, motivation, reasonableness of losing party's legal and factual arguments, and the need to advance considerations of compensation and deterrence). "There is no precise rule or formula for making these determinations, but

instead equitable discretion should be exercised in light of the considerations [that have been] identified." Fogerty, 510 U.S. at 534.

I find that all of those factors cut against an award of any fees and costs in this case. First, by any practical yardstick, plaintiff did not achieve a favorable result in this litigation. Defendants immediately removed the infringing material after receiving notice from plaintiff's then-counsel of the existence of the copyright. This lawsuit was thereafter filed with the purpose of obtaining a maximum award of statutory damages.

As noted in my Findings of Fact and Conclusions of Law (#54) (hereinafter "Findings"), in his initial letter to defendants, plaintiff demanded payment of $300,000-double the maximum statutory damages award for a willful copyright infringement and ten times the cap on statutory damages for a non-willful violation. At the trial of this case, plaintiff lowered his sights to $150,000 in recognition that such was the maximum allowable under the circumstances of this case. The court awarded only $1,000 for the reasons cited in its Findings. In sum, plaintiff won the battle but lost the war. He received 1/300th of the result that he was looking for. This was a classic pyrrhic victory. Furthermore, defendants point out that, on September 26, 2007, they offered to resolve this case by paying plaintiff $750 plus reasonable fees and costs incurred up to that date. Plaintiff spurned the offer, engaged in no further settlement discussions, and decided to pursue this litigation, incurring the vast bulk of his fees and costs thereafter for a

miniscule net increase of $250 over defendants' offer.[1]  That is not "success" in any realistic sense of the term.  That factor weighs heavily in favor of defendants.

Second, as noted in my Findings, Defendants' motivation in the infringing conduct is best characterized as the product of laziness, as opposed to some intent to divert revenue from plaintiff to defendants.  Neither plaintiff nor defendants sold the copyrighted article as a separate package, nor did they market competing products.  Defendants caused no actual damages to plaintiff, nor did they create the potential for actual damages.

Furthermore, I cannot fault defendants for defending themselves in this lawsuit.  None of their asserted defenses were frivolous or unreasonable.  While I concluded that defendants failed to prove the precise manner in which they received the infringing material, I accepted at face value that they had received it as an attachment in an e-mail, ruling that it did not make a difference because defendants knew that they were not the authors of the article and a simple word search would have led them to plaintiff's website.  That is hardly the equivalent of a finding that defendants presented false testimony at the trial.

Moreover, that defendants proceeded to trial and litigated the issues can hardly be held against them, given plaintiff's exorbitant monetary demand.  At bottom, defendants prevailed on the only matter that was really at stake at trial-the amount of statutory damages which should be awarded.  Thus those factors

[1] I also note that defendants incurred substantial fees and costs themselves in the resulting battle over the $250 amount.

4 Opinion and Order

1   likewise weigh heavily in favor of defendants.

2       Finally, the purpose of compensation and/or deterrence is
3   not served by rewarding plaintiff for his tactics in this case.
4   As discussed in my Findings, his first salvo over the bow of
5   defendants' ship was a demand for $300,000 coupled with a threat
6   to pursue criminal charges if that demand was not met.
7   Defendants immediately withdrew the article from their website,
8   and thereafter made reasonable efforts to resolve the dispute.
9   Plaintiff's efforts to obtain an enormous windfall by threatening
10  criminal prosecution and, after his unreasonable monetary demand
11  was properly rejected by defendants, pursuing this litigation to
12  an unsuccessful conclusion should not be encouraged or rewarded.

13      Fees and costs were escalated for both parties in this case
14  by plaintiff's refusal to negotiate a reasonable resolution, and
15  defendants have been adequately deterred in their misconduct by
16  the damages awarded and the expense of an unnecessary trial.
17  Plaintiff's motion is denied.   The parties will bear their own
18  fees and costs.

21      Dated this **27**ᵗ day of October, 2008.

25  THOMAS M. COFFIN
26  United States Magistrate Judge

5 Opinion and Order